HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID COOK,

        Plaintiff,

v.

FEDERATED MUTUAL INSURANCE COMPANY,

        Defendant.

CASE NO. C17-5795 RBL

ORDER DENYING IFP

THIS MATTER is before the Court on Plaintiff's Application to Proceed In Forma Pauperis [Dkt. 1]. Cook has attached to his application a proposed complaint against Defendant Federated Mutual Insurance Company (FMIC) seeking $15 million in damages [Dkt. 1-1]. Because Cook's proposed complaint is frivolous, his application to proceed *in forma pauperis* is **DENIED** and his complaint is **DISMISSED WITH PREJUDICE**.

**I. LEGAL STANDARD**

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.

1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II. ANALYSIS

Cook's complaint does not meet this standard. Cook is a notorious fraudster who has previously been identified on the Washington State Insurance Commissioner's "Insurance Fraud Most Wanted" list. *See* https://www.insurance.wa.gov/news/kreidlers-investigators-arrest-tacoma-man-wanted-fraud-charges (last visited Oct. 13, 2017). Cook has multiple fraud-related convictions and is currently in custody awaiting trial in Pierce County Superior Court on eighteen counts of identity theft, theft, and forgery. *See State of Washington v. Cook*, Crim. Case No. 17-1-01283-3; *see also Cook v. Washington State Ins. Comm'n*, No. 3:17-cv-05793-JRC (W.D. Wash. 2017), Dkt. 1-1 at 7–10.

1   Cook's alleged claims against FMIC appear to relate to an insurance fraud scheme
2   stemming from a 2013 car accident, in which Cook submitted fraudulent claims for lost wages
3   and Cook's nephew falsely claimed that he was a passenger in Cook's vehicle. The gravamen of
4   Cook's complaint is that FMIC was responsible for instigating criminal charges against him after
5   learning that Cook had submitted false insurance claims related to the 2013 car accident. *See*
6   Dkt. 1-1. Cook alleges:

> 9.) DUE TO DEFENDANTS BRUTAL, UNCONSCIENCABLE, EXCEEDINGLY EVIL AND WICKED, FALSE ACCURASATION, AND FALLACY OF A WITCH HUNT, PLAINTIFF'S LIFE HAS BECOME A SERIES OF AGONY, APPREHENSION, SKEPTICISM, AND MISERY. HE IS UNABLE TO EXIST NORMALLY IN THE BOUNDS OF SOCIETY. OVERCOME WITH ANGUISH; LIFE IS BASICALLY A BARRAGE OF PAINFUL MISADVENTURE LINKED TOGETHER ON ALL SIDES AND DEFENDANT IS RESPONSIBLE AND LIABLE.

*Id*. at ¶9. Cook seeks a total of $15 million in damages from FMIC, essentially claiming that FMIC is responsible for his misfortune because they reported his fraudulent insurance claims. Cook's complaint seeks $10 million in punitive damages from FMIC for pain and suffering resulting from the death of his wife and mother-in-law who died in a traffic accident in 2015. *Id.* at 5.

Cook's proposed complaint fails to articulate any plausible theory as to how FMIC's reporting of his fraudulent insurance claims, conduct which Cook pled guilty to, makes FMIC liable for the tragic but unrelated passing of Cook's family members in a traffic accident. *See State of Washington v. David Arnold Cook*, Crim. Case No. 15-1-02875-0. The Court concludes

| | |
|---|---|
| 1 | that Cook's complaint is frivolous because it has no arguable substance in law or fact and the |
| 2 | Court can draw no reasonable inference that FMIC is liable for the misconduct Cook alleges. |

### III. CONCLUSION

For the abovementioned reasons, the Application to Proceed In Forma Pauperis [Dkt. 1] is **DENIED**. The Court determines that granting Cook leave to amend his complaint would be futile as no additional factual assertions would support a plausible cause of action or claim for relief against FMIC. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Accordingly, this action is **DISMISSED WITH PREJUDICE**.

Dated this 16th day of October, 2017.

_____
Ronald B. Leighton
United States District Judge